IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DUSTIN P. BLANKENSHIP

      Plaintiff

v.                                                  Civil Action No. 7:14-cv-00653

UNITED STATES OF AMERICA

      Defendant

**COMPLAINT**

1.     Plaintiff brings this action pursuant to the Federal Tort Claims Act, codified at 28 U.S.C.

Section 1346(b) and 28 U.S.C. Section 2671 *et seq*., as well as under state law, seeking to

redress breaches of duties to and actions taken against Dustin P. Blankenship by employees

and/or agents of the Salem Veterans Affairs Medical Center (SVAMC) in Salem, Virginia and the

Department of Veterans Affairs (VA).  Plaintiff seeks compensatory damages, attorney's fees,

pre-judgment and post-judgment interests, and costs.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1332, 1346(b), and 1367.

The claims against the United States are brought under federal law, making jurisdiction proper

under 28 U.S.C. Sections 1331 and 1346(b).

3.     Venue is proper in this District under 28 U.S.C. Section 1391(b)(2) and 1402(b), as the

acts and omissions occurred in the Western District of Virginia, and Plaintiff resides in the

Western District of Virginia.

4.     All conditions precedent to jurisdiction under the Federal Tort Claims Act have been

met.  Plaintiff filed a claim for administrative settlement of his matter with the Department of

Veterans Affairs.  By letter dated October 21, 2014, the Department of Veterans Affairs

responded to Mr. Blankenship's claim, making an offer of settlement.  Mr. Blankenship rejected

this offer by letter dated November 17, 2014.  On November 21, 2014, Plaintiff received an

administrative denial letter dated November 18, 2014.  These three letters are attached

collectively as Exhibit 1.  Thus, this suit may be filed in accordance with the Federal Tort Claims

Act, specifically 28 U.S.C. Sections 1346(b), 2671-2680 and 2401(b).

**PARTIES**

5.      Plaintiff, Dustin P. Blankenship, is a citizen of the Commonwealth of Virginia, residing in

Montgomery County, Virginia, in the Western District of Virginia.

6.      Defendant United States of America ("USA") is sued under the Federal Tort Claims Act

for torts committed by employees and/or agents of The Department of Veterans Affairs ("VA")

and The Salem Veterans Affairs Medical Center ("SVAMC") in Salem, Virginia.  The SVAMC is a

governmental entity which provides a wide range of medical services to veterans.  It is an agent

of and operated by the United States Department of Veterans Affairs.  At all times relevant to

this action, the employees, physicians, administrators and hospital personnel of the SVAMC

were employees and/or provide medical services to SVAMC patients and agents of the SVAMC

and were acting within the scope of their employment or agency to further the business of

Defendant, USA.

**FACTS**

7.      Dustin Blankenship, an Iraqi War Veteran and SVAMC patient, underwent a left knee

arthroscopy with medial meniscus repair and anterior cruciate ligament reconstruction with

bone-patella-bone autograph at the Salem Veterans Affairs Medical Center on February 8, 2011.

8.      The surgery on Dustin Blankenship's left knee by the SVAMC surgical team, including SVAMC employees, began at 2:27 p.m. on February 8, 2011

9.      The surgery on Dustin Blankenship's left knee by the SVAMC surgical team, including SVAMA employees, concluded at 11:45 p.m. on February 8, 2011, 9 hours and 18 minutes after it began.

10.     The normal maximum time for surgery of this type does not exceed two hours under the applicable standard of care in Virginia.

11.     The surgery was performed by an SVAMC surgical team, including SVAMC employees.

12.     The surgical team included:

   a.   Charles A. Roberson, M.D., an Orthopaedic surgeon under contract to provide medical services to SVAMC patients.

   b.   Caretta Eubanks, Anesthetist, employed by SVAMC.

   c.   Uche Onyewuchi, medical student.

   d.   Jeannie Verne, scrub nurse employed by SVAMC.

   e.   John F. Rowland, scrub nurse employed by SVAMC.

   f.   Phyllis T. Shelton, circulating nurse employed by SVAMC.

   g.   Jennifer McDow, circulating nurse employed by SVAMC.

   h.   Jason Fender, physician's assistant employed by SVAMC.

   i.   Larry Lipscomb, M.D., Chief of Orthopaedics and observing physician employed by SVAMC.

13.    During the surgery at the SVAMC on February 8, 2011, as a result of negligence that occurred, Dustin Blankenship suffered severe and permanent injuries as follows:

a. Left femoral nerve palsy with complete paralysis of his quadriceps muscle.

b. Patella infera and adhesions of the patellar tendon, which were documented by MRI.

c. A posterior horn lateral meniscus tear.

d. An unaffixed screw misplaced in the soft tissue behind his left knee.

e. Multiple, grade 2 areas of instrument-related damage in the medial femoral condyle.

f. Significant scar tissue filling the entire intercondylar notch which impinged on the ACL graft placed on February 8, 2011.

g. Adhesions on the medial side of his patellar tendon.

h. A completely torn posterior cruciate ligament.

(See Exhibit 2 – Operative Report of February 8, 2011 and See Exhibit 3 - Left knee x-ray of July 12, 2011)

**NEGLIGENT FAILURE TO PREVENT HARM**

14.    Dustin Blankenship was under anesthetics, unconscious and helpless to provide for his own safety during the surgery of February 8, 2011.

15.    Dustin Blankenship was dependent upon the SVAMC surgical team for his care and supervision during the surgery of February 8, 2011.

16.    Dustin Blankenship relied entirely on the SVAMC surgical team to provide for his safety during the surgery of February 8, 2011.

4

17.     The SVAMC surgical team had a duty under the Virginia standards of care to provide for the safety of their patient, Dustin P. Blankenship, and prevent harm to him while he was in a helpless, unconscious condition.

18.     The SVAMC surgical team, including the SVAMC employees, negligently failed in their duty to prevent harm to Dustin Blankenship while he was unconscious and helpless.

19.     The standards of care for a surgical team in Virginia calls for training and competencies consistent with the Joint Commission (JC), formerly known as the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), the American Medical Association (AMA), the Association of Operating Room Nurses (AORN), the Association of Surgical Technicians (AST), and the American Association of Nurse Anesthetists (AANA).

20.     JC standards and the Virginia standards of care make all members of the surgical team responsible for patient safety and the quality of surgery.

21.     AMA standards and the Virginia standards of care require an observing physician to prevent error and harm to a patient and to actively engage in efforts to ensure that the patient's care is safe, effective, patient centered, timely and efficient.

22.     AORN competencies and the Virginia standards of care call for all nurse members of a surgical team to take corrective actions during surgery to prevent patient injuries.

23.     AST Standards and the Virginia standards of care require that the surgical physician's assistant actively take measures to protect the patient from injuries.

24.     AANA Standards and the Virginia standards of care require all nurse anesthetists to continuously assess the patient and intervene as required to maintain the patient in optimal physiologic condition.

5

25.     The entire SVAMC surgical team that participated in the surgery on Dustin Blankenship, including SVAMC employees, negligently breached the duties to avoid injuries to Dustin Blankenship that any surgical team in Virginia has under JC, AMA, AORN, AST and AANA Standards and common law, by deviating from the applicable standards of care and treatment as follows:

   a.   Allowed Dustin Blankenship's surgery, which should have had a duration of, at most, two (2) hours, to continue for over nine (9) hours, exceeding the acceptable upper limit of time by an egregious 350%.

   b.   Kept Dustin Blankenship under anesthesia for over nine hours, which caused or contributed to his injuries.

   c.   Subjected Dustin Blankenship to prolonged, excessive stretching, compression, traction and sustained pressure which caused trauma and permanent damage to nerve groups.

   d.   Kept Dustin Blankenship's left leg clamped in a surgical positioning device for a dangerously prolonged period, causing injuries to his left leg.

   e.   Continued to use the supine position for an unduly extended amount of time, causing tissue and neural injuries.

   f.   Applied a tourniquet to Dustin Blankenship's left leg for an inordinately long period of time, causing injuries.

   g.   Failed to reassess Dustin Blankenship's condition and risk of injury in light of the extremely unusual amount of time he was clamped in position, supine, under anesthetics and with tourniquet applied.

h.  Failed to properly communicate to the attending surgeon (Dr. Charles Roberson), the observing surgeon (Dr. Larry Lipscomb) or others as necessary to avoid injuring Dustin Blankenship.

i.  Ignored or failed to act to avoid the known risks of preventable serious and permanent injuries that resulted from keeping Dustin Blankenship clamped, supine and under anesthetics for over nine (9) hours.

j.  Caused serious and permanent injuries to Plaintiff during surgery on February 8, 2011.

26.     The Anesthetist, Caretta Eubanks, a SVAMC employee, negligently violated the Virginia standards of care and AANA Standards by:

a.  failing to adjust Dustin Blankenship's anesthetic care plan based on his physiologic status;

b.  failing to continuously assess Dustin Blankenship's response to the anesthetic and surgical procedure;

c.  failing to intervene as required to maintain Dustin Blankenship in optimal physiologic condition;

d.  keeping Dustin Blankenship clamped in a supine position for over nine (9) hours;

e.  keeping Dustin Blankenship under anesthesia for over nine (9) hours;

f.  failing to avoid nerve damage from overlong application of the tourniquet to Dustin Blankenship's left leg.

g.  failing to avoid left femoral nerve palsy with complete paralysis of Dustin Blankenship's quadriceps muscle and chronic regional pain syndrome grade II,

with motor and sensory impairments, known risks of overlong use of the supine

position while under anesthetics.

h.  failing to properly communicate to the attending surgeons, the observing

surgeon or others as necessary to avoid injuring Dustin Blankenship.

27.  The circulating nurses, Phyllis T. Shelton and Jennifer McDow, SVAMC employees,

negligently violated the Virginia standard of care and AORN Standards by:

a.  failing to actively monitor Dustin Blankenship's tissue integrity based on sound

physiologic principles;

b.  failing to implement measures to reduce the risk of nerve injuries to Dustin

Blankenship due to overlong supine positioning;

c.  failing to reassess the risk of nerve injuries to Dustin Blankenship in consideration

of how the physiologic effects of anesthesia increased Dustin Blankenship's

vulnerability to the effects of pressure from overlong positioning;

d.  failing to communicate with anesthesia personnel and the surgeon about

assessing the need for repositioning Dustin Blankenship every two hours when

the procedure became prolonged;

e.  failing to take measures to avoid nerve injuries to Dustin Blankenship by trauma

from compression and/or stretching of nerves while under anesthetics;

f.  failing to avoid nerve damage from overlong application of the tourniquet to

Dustin Blankenship's left leg.

g.  failing to avoid left femoral nerve palsy with complete paralysis of Dustin

Blankenship's quadriceps muscle and chronic regional pain syndrome grade II,

with motor and sensory impairments, known risks of overlong use of the supine

position while under anesthetics.

h. failing to properly communicate to the attending surgeons, the observing surgeon

or others as necessary to avoid injuring Dustin Blankenship.

28.    The scrub nurses, Jeanne Verne and John F. Rowland, SVAMC employees, as members

of the perioperative surgical team, negligently violated the Virginia standards of care and AORN

Standards by:

a. failing to take appropriate corrective actions to avoid nerve injuries to Dustin

Blankenship;

b. failing to actively participate in monitoring Dustin Blankenship's tissue integrity

based on sound physiologic principles;

c. failing to reassess the risk of nerve injuries to Dustin Blankenship in

consideration of how the physiologic effects of anesthesia increased Dustin

Blankenship's vulnerability to the effects of pressure from overlong positioning;

d. failing to communicate with anesthesia personnel and the surgeon about

assessing the need for repositioning Dustin Blankenship every two hours when

the procedure became prolonged;

e. failing to take measures to avoid nerve injuries to Dustin Blankenship by trauma

from compression and/or stretching of nerves while under anesthetics;

f. failing to avoid nerve damage from overlong application of the tourniquet to

Dustin Blankenship's left leg.

g. failing to avoid left femoral nerve palsy with complete paralysis of Dustin

9

Blankenship's quadriceps muscle and chronic regional pain syndrome grade II, with motor and sensory impairments, known risks of overlong use of the supine position while under anesthetics.

h.   failing to properly communicate to the attending surgeons, the observing surgeon or others as necessary to avoid injuring Dustin Blankenship.

29.   The surgical physician's assistant, Jason Fender, employed by SVAMC, negligently violated the Virginia standards of care and AST standards by:

a.   failing to take action to prevent permanent nerve injuries to Dustin Blankenship by traction and pressure;

b.   failing to implement safety measures to avoid nerve injuries to Dustin Blankenship from keeping him clamped in a supine position for over nine (9) hours while under anesthetics;

c.   failing to avoid nerve damage from overlong application of the tourniquet to Dustin Blankenship's left leg.

d.   failing to avoid left femoral nerve palsy with complete paralysis of Dustin Blankenship's quadriceps muscle and chronic regional pain syndrome grade II, with motor and sensory impairments, known risks of overlong use of the supine position while under anesthetics.

e.   failing to properly communicate to the attending surgeons, the observing surgeon or others as necessary to avoid injuring Dustin Blankenship.

30.   The observing physician, Larry Lipscomb, M.D., employed by SVAMC, negligently violated the Virginia standards of care and AMA standards by:

a. failing to act to prevent harm to Dustin Blankenship when the prolonged surgery by Dr. Roberson became a hazardous condition which Dr. Lipscomb knew or should have known was causing injury.

b. failing to take action to prevent permanent nerve injuries to Dustin Blankenship resulting from traction and pressure;

c. failing to implement safety measures to avoid nerve injuries to Dustin Blankenship resulting from keeping him clamped in a supine position for over nine (9) hours while under anesthetics;

d. failing to avoid nerve damage from overlong application of the tourniquet to Dustin Blankenship's left leg.

e. failing to avoid left femoral nerve palsy with complete paralysis of Dustin Blankenship's quadriceps muscle and chronic regional pain syndrome grade II, with motor and sensory impairments, known risks of overlong use of the supine position while under anesthetics.

f. failing to communicate to Dr. Roberson, the surgical team members and/or others as necessary to avoid harm to Dustin Blankenship.

**NEGLIGENT SELECTION OF INDEPENDENT CONTRACTOR**

31**.**   The individual who selected Charles A. Roberson, M.D. to perform surgery at the SVAMC was Robert Headen.

32.   Robert Headen was a Contracting Officer employed by the VA when he selected Charles A. Roberson, M.D.

33.   Robert Headen acted on behalf of and in his scope of employment by the VA when he

11

selected Charles A. Roberson, M.D.

34.     Surgery is highly dangerous unless properly done.

35.     Surgery requires special training and skill for its successful accomplishment.

36.     The VA owed a duty to Dustin Blankenship to exercise reasonable care in the provision of health care services while he was under their care.

37.     The VA owed a duty to Dustin Blankenship to protect him from harm by third persons.

38.     The VA knew or should have known that Charles A. Roberson, M.D. was not a careful and competent contractor to perform surgery.

39.     The VA failed to use reasonable care in the hiring and selection of Charles A. Roberson, M.D. to provide surgical services as follows:

        a.  The VA did not check Roberson's references.

        b.  The VA did not independently investigate Roberson's qualifications or experience.

        c.  The VA did not secure current, primary source verification from the original sources of credentials to verify the accuracy of qualifications claimed by Roberson.

        d.  The VA did not obtain proper employment histories and pre-employment references for Roberson.

        e.  The VA failed to consider or ignored Roberson's history of overlong surgical procedures that risked harm to patients.

40.     The VA failed in its duties to Dustin Blankenship by hiring Charles A. Roberson, M.D. and selecting him to perform surgery without the exercise of reasonable care to determine that he

was properly qualified.

## NEGLIGENT SUPERVISION AND RETENTION

41.     The VA contracted with Charles A. Roberson, M.D. to perform surgery on SVAMC

patients, including Dustin Blankenship.

42.     The VA had a duty to supervise Roberson and prevent him from causing injury to SVAMC

patients, including Dustin Blankenship.

43.     The VA negligently failed in its duty to supervise their third-party contractor, Charles A.

Roberson, M.D., as he performed the dangerous activity of performing surgery on VA patient

Dustin Blankenship in order to keep him safe and protect him from harm while he was under

their care.

44.     The SVAMC Chief of Staff and the SVAMC Chief, Surgical Care Service Line, both

employees of SVAMC, had the responsibility to direct Charles A. Roberson, M.D. under his

contract and under the applicable Virginia standards of care.

45.     The SVAMC employees on the surgical team and the observing physician present during

Dustin Blankenship's surgery of February 8, 2011 were subordinate to and representatives of

the SVAMC Chief of Staff and/or Chief, Surgical Care Service Line.

46.     The SVAMC surgical team and observing physician had immediate first-hand knowledge

that Charles A. Roberson, M.D. was not competent to perform surgery on Dustin Blankenship in

that they observed him:

> a.   Continue Dustin Blankenship's surgery, which should have had a duration of, at
>
> most, two (2) hours, for over nine (9) hours, exceeding the acceptable upper
>
> limit of time by an egregious 350%.

13

b.  Keep Dustin Blankenship under anesthesia for over nine hours, which caused or contributed to his injuries.

c.  Subject Dustin Blankenship to prolonged, excessive stretching, compression, traction and sustained pressure which caused trauma and permanent damage to nerve groups.

d.  Keep Dustin Blankenship's left leg clamped in a surgical positioning device for a dangerously prolonged period, causing injuries to his leg.

e.  Use the supine position for an unduly extended amount of time, causing tissue and neural injuries.

f.  Apply a tourniquet to Dustin Blankenship's left leg for an inordinately long period of time, causing injuries.

g.  Fail to reassess Dustin Blankenship's condition and risk of injury in light of the extremely unusual amount of time he was clamped in position, supine, under anesthetics and with tourniquet applied.

h.  Fail to properly communicate with the observing surgeon (Larry Lipscomb, M.D.) or others as necessary to avoid injuring Dustin Blankenship.

i.  Ignore or fail to act to avoid the known risks of preventable serious and permanent injuries that resulted from keeping Dustin Blankenship clamped, supine, and under anesthetics for over nine (9) hours.

j.  Fail to repair Dustin Blankenship's meniscal tear.

k.  Fail to repair Plaintiff's torn anterior cruciate ligament according to the applicable medical standards of care.

14

l.  Drill completely through the femoral cortex to the outer aspect of the femur, and into the muscle and subcutaneous tissue when attempting to drill the femoral tunnel.

m.  Make prolonged, protracted and unsuccessful attempts to place an interference screw in the femoral tunnel.

n.  Use an Extendo Endobutton in the femoral tunnel rather than hardware designed for fixation of the ACL reconstruction graft.

o.  Fail to achieve adequate stability of the plaintiff's left knee joint.

p.  Tie sutures over a screw post with a washer in Plaintiff's tibia.

q.  Cause damage to Plaintiff's posterior cruciate ligament.

r.  Place a screw through plaintiff's femur that protruded through the back of the bone and into soft tissue.

s.  Allow an unattached screw or other medical instrument which had no medical purpose to remain in the soft tissue of Plaintiff's left leg.

t.  Cause serious and permanent injuries to Plaintiff during surgery on February 8, 2011, all of which were preventable.

47.  The SVAMC had a duty to terminate the services of Roberson immediately upon recognition of his lack of competence in order to avoid additional injuries to Dustin Blankenship.

48.  The SVAMC negligently failed in its duty to terminate Roberson's services to Dustin Blankenship upon observing Roberson's incompetence.

49.  The SVAMC negligently allowed Roberson to continue performing surgery on Dustin

Blankenship in an obviously unsafe manner for over seven hours after SVAMC surgical team employees knew or should have known that continued surgery and anesthetics endangered Dustin Blankenship's safety.

50.     The SVAMC knew of the dangerous nature of surgery and knew that Roberson's performance was inadequate, yet did nothing in response to the danger posed to Dustin Blankenship.

**SCOPE OF EMPLOYMENT**

51.     The negligent breaches of duties by Defendant, USA, by and through its VA employee, Robert Headen, and SVAMC employees Caretta Eubanks, Uche Onyewuchi, Jeannie Verne, John F. Rowland, Phyllis T. Shelton, Jennifer McDow, Jason Fender, Larry Lipscomb, M.D., SVAMC Chief of Staff and/or Chief, Surgical Care Service Line, occurred while they were acting within the scope of their employment with the VA and SVAMC.

52.     Defendant and its employees failed to exercise the appropriate degree of skill, care and diligence required by Virginia standards of care.

53.     The negligence of Defendant, USA, by and through its VA employee, Robert Headen for negligent selection and, its SVAMC employees, Caretta Eubanks, Uche Onyewuchi, Jeannie Verne, John F. Rowland, Phyllis T. Shelton, Jennifer McDow, Jason Fender, Larry Lipscomb, M.D., SVAMC Chief of Staff and/or Chief, Surgical Care Service Line, in failing to provide adequate medical care and treatment and in the negligent supervision and retention of Charles A. Roberson, M.D., was the direct and proximate cause of the injuries to Dustin Blankenship.

54.     Under the laws of the Commonwealth of Virginia, a private person would be liable to Dustin Blankenship for these negligent acts and omissions.  Under 28 U.S.C. 1346(b), the USA is

liable to Dustin Blankenship for his damages.

**DAMAGES**

55.    The damages resulting from injuries to Dustin Blankenship directly and proximately

caused by Defendant, USA's breach of its duties, by and through its VA and SVAMC employees,

include:

  a.   left femoral nerve palsy;

  b.   complete paralysis of the left quadriceps muscle.

  c.   chronic regional pain syndrome, grade II, with sensory impairments.

  d.   constant extreme pain in the left leg of both a severe ache and intense burning

    sensation, as well as electrical shock-type pain.

  e.   atrophy of the left leg.

  f.   loss of sexual function.

  g.   three subsequent surgeries on his left leg.

  h.   inability to sleep for more than an hour or two each night.

  i.   difficulty with focus and concentration.

  j.   inability to run or walk normally.

  k.   irritability and short temper in dealing with others.

  l.   loss of any hope of leading a normal life at the age of 29.

56.    Further consequences of the injuries to Dustin Blankenship include:

  a.   one or more additional surgeries.

  b.   the need to take prescription medication with dangerous side effects to attempt

    to manage pain.

c. the need to undergo experimental and/or invasive procedures in an attempt to alleviate or manage pain.

d. the need to engage in dangerous activities for the mental distraction they provide to manage pain.

e. the need to wear a brace on his leg for the rest of his life.

f. falls due to the instability of his left leg and knee causing additional injuries.

g. weight loss.

h. inability to play sports with and otherwise interact with his children, Jessie Blankenship, age 11, and Hannah Blankenship, age 8.

i. difficulty with interpersonal relationships, including spouse, extended family and friends.

57. Medical bills totaling $158,563.70, with additional bills incurred regularly.

58. Future medical treatment currently assessed at $1,409,842.80.

59. Loss of future income in excess of $1,000,000.00.

60. Loss of military income and benefits of at least $200,000.00, due to Dustin Blankenship's inability to serve in the National Guard.

61. Mental pain and anguish associated with the loss of mobility, physical limitations and intense chronic pain.

62. The limitation on recovery under Virginia Law ($2,000,000.00) is grossly inadequate to compensate Dustin Blankenship for his damages in this matter.

WHEREFORE, Plaintiff, Dustin P. Blankenship, requests damages against the Defendant, USA, in the amount of Two Million and 00/100 Dollars ($2,000,000.00), plus reasonable

attorney's fees and costs and pre-and post-judgment interest, and such other relief as the Court

deems just and proper.

DUSTIN P. BLANKENSHIP

S/ _____ Raphael E. Ferris _____
               Raphael E. Ferris, Of Counsel

Raphael E. Ferris (VSB # 21973)
Lenden A. Eakin (VSB# 23885)
FERRIS & EAKIN, P.C.
22 Luck Ave. S.W.
Roanoke, Virginia 24011
540.344.3233
540.344.6608 (fax)
ray@rvalaw.com
lenden@rvalaw.com