CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 22 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DUSTIN P. BLANKENSHIP, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:14-CV-00653 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff Dustin Blankenship, an Iraqi war veteran, filed this action against the United States, seeking to recover for injuries he sustained during a knee surgery performed at the Salem Veterans Affairs Medical Center ("SVAMC") in Salem, Virginia. The case is now before the court on two motions to dismiss filed by the United States. For the following reasons, those motions will be granted in part and denied in part.

## Factual and Procedural Background

The following facts, taken from Blankenship's complaint, are accepted as true for purposes of considering the motions to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 466 (4th Cir. 2011).

Dr. Charles Roberson, an orthopedic surgeon, performed a "left knee arthroscopy with medial meniscus repair and anterior cruciate ligament reconstruction with bone-patella-bone autograph" on Blankenship at the SVAMC on February 8, 2011. Compl. ¶¶ 7, 12, Docket No. 1. Blankenship alleges that he has suffered severe and permanent injuries as a result of errors made during that surgery. See id. ¶¶ 59-62.

On December 12, 2012, Blankenship filed suit against Roberson, an independent contractor, alleging medical malpractice. See Case No. 7:12-CV-00602. On February 3, 2013, Blankenship filed an administrative claim with the Department of Veterans Affairs ("DVA"),

seeking compensation for his injuries. Compl. ¶ 4. The court stayed Blankenship's case against Dr. Roberson pending resolution of his administrative claim on April 3, 2013. See 7:12-CV-00602 at Docket No. 18.

On November 18, 2014, the DVA denied Blankenship's claim. Compl. ¶ 4. Thereafter, Blankenship filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, alleging that the DVA was negligent in hiring, retaining, and supervising Dr. Roberson. Compl. ¶¶ 31-50. Blankenship also alleges that members of the SVAMC surgical team negligently failed to supervise Dr. Roberson or otherwise breached their respective standards of care. Id. ¶¶ 14-30. Blankenship seeks $2,000,000 in compensatory damages, plus attorneys' fees and costs.

The court granted Blankenship's motion to consolidate this case with his case against Dr. Roberson on December 15, 2014. See Docket No. 14. The United States has now moved to dismiss the case against it pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. These motions have been fully briefed and were argued on March 26, 2015. They are now ripe for review.

## Standards of Review

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of an action over which the court lacks subject matter jurisdiction. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court can "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail

as a matter of law." Id. (internal quotation marks omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and make all reasonable inferences in the plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court need not accept as true any legal conclusions disguised as factual allegations, however. See Ashcroft v. Iqbal, 556 U.S. 662, 679–81 (2009). The plaintiff's allegations need not be detailed, but he must offer more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action" in order to survive a motion to dismiss. Twombly, 550 U.S. at 555. Ultimately, the complaint's allegations must "be enough to raise a right to relief above the speculative level." Id.

## Discussion

### I. *Rule 12(b)(1) Motion to Dismiss*

The United States argues that the court lacks subject matter jurisdiction over Blankenship's claim, both to the extent that it seeks to recover for the alleged negligence of Dr. Roberson and to the extent that it seeks to recover for the alleged negligence of the SVAMC surgical team members. The court will consider each argument in turn.

#### a. **Claims Based on the Negligence of Dr. Roberson**

The United States first argues that the court lacks subject matter jurisdiction over Blankenship's claim based on Dr. Roberson's alleged negligence, or on the alleged negligent

3

hiring, retention, or supervision of Dr. Roberson by SVAMC or DVA employees, because the United States has not waived sovereign immunity with respect to those claims. The court agrees.

The United States is immune from suit except where it consents to be sued. Fed. Deposit Ins. Co. v. Meyer, 510 U.S. 471, 475 (1994). The terms of that "consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (internal citations omitted). A plaintiff seeking to sue the United States bears the burden of showing "that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). Any waiver of sovereign immunity must be "strictly construed…in favor of the sovereign." Id.

The FTCA is an express waiver of sovereign immunity, which permits individuals to sue the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). It applies to only the negligence of United States employees acting in the scope of their employment; it does not apply to the negligence of independent contractors providing services pursuant to contracts with the United States. See McGhee v. United States, No. 7:13-CV-00123, 2014 WL 896748, at *2 (W.D. Va. Mar. 6, 2014). In this case, it appears to be undisputed that Dr. Roberson was acting as an independent contractor when he performed Blankenship's surgery. See Pl.'s Br. in Opp. at 4-5, Docket No. 20. To the extent that Blankenship's complaint seeks to impute Dr. Roberson's negligence to the United States, therefore, that claim must be dismissed. See McGhee, 2014 WL 896748, at *2-3 (dismissing claim by another plaintiff against United States premised on the negligence of Dr. Roberson on sovereign immunity grounds).

4

The court also lacks subject matter jurisdiction over Blankenship's claim that the United States is liable for the negligent hiring and retention of Dr. Roberson by SVAMC or DVA employees, see Compl. ¶¶ 31-50, because the FTCA does not apply to claims "based upon the exercise or performance or failure to perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved was abused." 28 U.S.C. § 2680(a). This discretionary function exception applies when "(1) the acts alleged to be negligent [are] discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation[,] and (2) the judgment or choice in question [is] grounded in 'considerations of public policy' or [is] susceptible to policy analysis." Coulthurst v. United States, 214 F.3d 106, 109 (2d Cir. 2000) (citing United States v. Gaubert, 499 U.S. 315, 322-23 (1991), and Berkovitz v. United States, 486 U.S. 531, 536-37 (1988)); see Williams v. United States, 50 F.3d 299, 309 (4th Cir. 1995). This exception "prevent[s] judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy," and "protect[s] the Government from liability that would seriously handicap efficient government operations." United States v. Varig Airlines, 467 U.S. 797, 814 (1984).

Although the provision of medical services to veterans is mandatory, see 38 U.S.C. § 1710, Congress has explicitly provided the DVA with the discretion to contract for provision of those medical services. See 38 U.S.C. § 8153 ("[T]he Secretary may…make arrangements, by contract or other form of agreement…between the Department health-care facilities and any health-care provider, entity, or other individual…"). This discretion is intended to further public policy goals. See 38 U.S.C. § 8151 (stating that outsourcing medical services "strengthen[s] the medical programs at [DVA] facilities and improve[s] the quality of health care provided"). Here, the DVA exercised its discretion by contracting with a physicians staffing agency for physician

services, including the services of Dr. Roberson, at SVAMC. See Mot. Dismiss Ex. 3, Attachment A, Docket No. 16-3 at 3-28. "The decision to hire an independent contractor to render services for the United States is precisely the type of decision that the exception is designed to shield from liability because it involves exercising judgment based on considerations of policy." Williams, 50 F.3d at 310. Blankenship's negligent hiring and retention claims are thus barred.

Blankenship's negligent supervision claim, which is premised on allegations that the SVAMC surgical team or hospital management failed to properly oversee Roberson during Blankenship's surgery, is likewise barred, because those actions are "embraced by the overarching decision" to contract for Roberson's services in the first place. Id. (government agency's negligent inspection of work performed by independent contractor falls within the discretionary function exception); see also Gibbons v. Fronton, 533 F. Supp.2d 449, 455-56 (S.D.N.Y. 2008) (negligent hiring and supervision claims based on medical care provided by private company at DVA facility barred by discretionary function exception, because decisions to contract with and supervise a private company were discretionary and "grounded in considerations of public policy"). Blankenship's assertion that Dr. Roberson was "clearly incompetent" does not change this analysis. See Hudson v. United States, No. 2:06-CV-00001, 2008 WL 517009, at *6 (E.D. Tenn. Feb. 25, 2008) (negligent supervision claim based on failure to supervise independent contractor at DVA medical facility fails, "[e]ven where there is a claim…that the contractor chosen is incompetent and the Government has knowledge of the alleged incompetency," because "the award of [the contract]… is a discretionary function or duty, [so the Government] is exempt from liability under the [FTCA]").

6

In sum, the court lacks subject matter jurisdiction over any claim based on the negligence of Dr. Roberson himself, as well as any claim based on the negligent hiring, retention, or supervision of Dr. Roberson by SVAMC or DVA employees, because those claims do fall outside the FTCA's statutory waiver of sovereign immunity. The court will therefore grant the United States' Rule 12(b)(1) motion to dismiss as to those claims.

### b. Claims Based on the Negligence of SVAMC Employees

Blankenship's complaint also alleges that members of the SVAMC surgical team, including a nurse anesthetist, two scrub nurses, two circulating nurses, a physician's assistant, a medical student, and an observing physician, acted negligently in the performance of their own duties during the course of his surgery. See Compl. ¶¶ 12-30. Under the FTCA, the United States can be held liable for the negligent acts of its employees acting in the scope of their employment. See McGhee, 2014 WL 896748, at *2; see also Berkman v. United States, 957 F.2d 108, 114 (4th Cir. 1992) ("The fact that an independent contractor may have been responsible for [plaintiff's injury], however, cannot be viewed as relieving the United States from liability where plaintiff alleges that federal employees also may have caused or contributed to the alleged tort."). The United States argues, however, that the court nonetheless lacks subject matter jurisdiction over any claim premised on the negligence of SVAMC employees, because he (1) failed to exhaust his administrative remedies, and (2) failed to comply with the certification requirements of the Virginia Medical Malpractice Act ("VMMA"), Va. Code § 8.01-20, with respect to those claims. The court will consider each argument in turn.

The FTCA requires that a plaintiff file an administrative claim against the agency whose employees' alleged tortious conduct forms the basis of his claim before he can file suit against the United States. See 28 U.S.C. § 2675. That administrative claim must contain (1) a written statement

7

describing the injury in enough detail to enable the agency to begin its own investigation, and (2) a sum-certain damages claim. See Ahmed v. United States, 30 F.3d 514, 517 (4th Cir. 1994) (quoting GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987)). In this case, the United States contends that Blankenship's administrative claim focused on Dr. Roberson's negligence, and discussed the SVAMC surgical team members only in reference to Roberson. The United States also asserts that, in additional information Blankenship submitted to the government during the administrative process, he reiterated that "the negligence attributable to…Roberson is at the foundation of [his] claims," and that SVAMC employees were negligent only "by negligently selecting and hiring Dr. Roberson and then by allowing him to continue with the surgery…long after it should have been terminated." Pl.'s Request for Reconsideration, Mot. Dismiss Ex. 2 at 3-4. According to the United States, neither Blankenship's administrative claim nor his later submissions provided the DVA with notice that Blankenship believed SVAMC employees committed negligence independent of Dr. Roberson. The United States thus argues that Blankenship failed to exhaust his administrative remedies with respect to any such claim. The court is constrained to disagree.

Blankenship's administrative claim repeatedly identifies eight SVAMC employees by name. See Pl.'s Admin. Claim at 3, Mot. Dismiss Ex. 1. The claim states that these individuals were negligent when they failed to assist Dr. Roberson or to intervene to stop him from causing harm to Blankenship during his surgery. The claim also suggests, however, that these individuals may have failed to satisfy some independent duties. See, e.g., id. at 4 (stating that members of the surgical team "failed to take action to mobilize [Blankenship's] leg" during the prolonged surgery). Blankenship's later submissions to the DVA also include reports from two board-certified orthopedic surgeons. See Pl.'s Request for Reconsideration at 22-28. One of those reports explicitly

8

states that "[o]thers in the operating suite also breached the standard of care." Id. at 28. The court believes that these submissions should have adequately informed the United States that Blankenship's claim was premised, at least in part, on the negligence of individuals other than Dr. Roberson. The court thus finds that Blankenship exhausted his administrative remedies.

The United States also argues that the court lacks subject matter jurisdiction over Blankenship's claim because he failed to comply with the procedural requirements of the VMMA. Under that statute,

> [e]very motion for judgment, counter claim, or third party claim in a medical malpractice action, at the time the plaintiff requests service of process upon a defendant, or requests a defendant to accept service of process, shall be deemed a certification that the plaintiff has obtained from an expert witness whom the plaintiff reasonably believes would qualify as an expert witness…a written opinion signed by the expert witness that, based on a reasonable understanding of the facts, the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed.

Va. Code § 8.01-20.1. Thus, if a defendant provides a written request, a plaintiff must, within ten business days, "provide the defendant with a certification form that affirms that the plaintiff had obtained the necessary certifying expert opinion at the time service was requested."[1] Id.; see Keitz v. Unnamed Sponsors of Cocaine Research Study, 510 F. App'x 254, 255 (4th Cir. 2013). If the plaintiff fails to do so, the VMMA provides that the court "may dismiss the case with prejudice." Id.

Before serving the United States, Blankenship obtained written opinions from at least two board-certified orthopedic surgeons, Dr. James Farmer and Dr. Mike Malek. See Mot. Dismiss Ex. 2 at 22-28. The United States argues that these opinions fail to satisfy the VMMA's requirements,

---

[1] The VMMA exempts a plaintiff from this requirement if he "alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Va. Code § 8.01-20.1. Only in "rare" cases will the alleged facts of a medical malpractice action fall within the range of a jury's common knowledge and experience. See Beverly Enter.-Va v. Nichols, 441 S.E.2d 1, 3 (Va. 1994). Blankenship's case does not appear to fall within this exception.

9

because they "are limited only to stating that [the SVAMC surgical team members] should have intervened and/or notified other unidentified persons that Roberson was not competently performing the surgery." Mot. Dismiss at 9. The court is constrained to disagree. As discussed above, Dr. Farmer opined that "others in the operating suite also breached the standard of care" during Blankenship's surgery. Id. Ex. 2 at 28. Dr. Malek also opined that "operating room personnel at [S]VAMC deviated from the standard of care" and that "[a]s a result of this deviation from [the] standard of care, Mr. Blankenship has suffered significant and permanent injuries to his left lower extremity." Id. at 25. These opinions satisfy the VMMA's requirement that Blankenship obtain "a written opinion signed by the expert witness that, based on a reasonable understanding of the facts, the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed" prior to service of process on the United States.[2]

In sum, the court lacks subject matter jurisdiction over Blankenship's claim to the extent that it is premised on the negligence of Dr. Roberson, an independent contractor, or on the negligent hiring, retention, or supervision of Dr. Roberson by SVAMC or DVA employees. The court will therefore grant the United States' Rule 12(b)(1) motion to dismiss with respect to such claims. The court has subject matter jurisdiction, however, over Blankenship's claim to the extent that it is based on the independent negligence of members of the SVAMC surgical team who are DVA employees. The court will therefore deny the United States' motion to the extent that it alleges such claims.

---

[2] The court emphasizes, however, that it need not, and does not, consider at this time whether Drs. Farmer or Malek would actually qualify as experts on the standard of care applicable to the various members of the SVAMC surgical team. See Va. Code § 8.01-581.20 (outlining qualifications for expert witnesses in medical malpractice cases).

In opposing the United States' motion to dismiss, Blankenship also argues that the VMMA does not require that he obtain expert opinions for the individual surgical team members at all. See Pl.'s Br. in Opp. at 9-10, Docket No. 20. Because the court believes that the expert opinions obtained by Blankenship satisfy the VMMA's certification requirements in any event, the court declines to address this argument.

10

## *II. Rule 12(b)(6) Motion to Dismiss*

The United States has also moved to dismiss the complaint for failure to state a plausible claim for relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the United States argues that Blankenship has failed to allege any special relationship creating a legal duty on the part of the SVAMC surgical team. The court is constrained to disagree.

It is axiomatic that "there can be no actionable negligence unless there is a legal duty, a violation of the duty, and consequent damage." Fox v. Custis, 372 S.E.2d 373, 375 (Va. 1988). The "threshold question" in any negligence case, therefore, "is whether a duty of care existed on the part of [the] defendants to [the] plaintiff[]." Id. Here, the United States argues that the SVAMC surgical team had no duty to control Dr. Roberson's actions during Blankenship's surgery. "Ordinarily, a person has no duty to control the conduct of third persons" in order to prevent harm to another. Fox, 372 S.E.2d at 375. "This general rule applies unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct;[3] or (b) a special relation exists between the actor and the other which gives the other a right to protection."[4] Nelson v. Green, 965 F. Supp. 2d 732, 756 (W.D. Va. 2013). The court agrees with the United States that, under this legal framework, Blankenship's complaint fails to state a plausible claim that members of the SVAMC surgical team had a legal duty to "prevent harm" to Blankenship specifically by controlling the actions of Dr. Roberson. See Mot. Dismiss at 4-6, Docket No. 18. To the extent that Blankenship alleges such a claim, it will be dismissed.

---

[3] This "special relationship" contemplates one who "takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled." Nelson, 965 F. Supp. 2d at 756 n.36.

[4] Virginia law recognizes that special relationships exist "as a matter of law between a common carrier and its passengers, an employer and his employees, an innkeeper and his guests, and a business owner and his invitees." Schieszler v. Ferrum College, 236 F.Supp.2d 602, 607 (W.D.Va. 2002) (citing cases). The Supreme Court of Virginia "has also recognized that a special relationship may exist between particular plaintiffs and defendants because of the particular factual circumstances in a given case." Id. (citing cases).

11

Blakenship's claims are not premised solely on the surgical team's failure to control Dr. Roberson, however. The complaint also alleges that members of the surgical team owed Blankenship independent duties by virtue of their positions, and that they breached those duties during his surgery, contributing to his injuries. See Compl. ¶¶ 25-30; see also Pl.'s Letter Br. at 2-3, Docket No. 33 (summarizing the complaint's allegations of duties breached by SVAMC employees). Under the FTCA, the United States can be held liable for such negligence. See Downing v. United States, No. 7:07-CV-00466, 2008 WL 16678, at *7 (W.D. Va. March 26, 2008) ("There is no individual liability under the FTCA; remedies against the United States under the FTCA are the exclusive damage action available for torts committed by government employees acting within the scope of their employment."). Whether Blankenship has correctly articulated the standard of care applicable to each surgical team member, and whether each surgical team member actually breached that standard of care, remains to be seen. At this stage in the proceedings, however, Blankenship has stated a plausible claim for relief based on the alleged failure of members of the SVAMC surgical team to comply with the independent standards of care applicable to them during Blankenship's surgery. The court will therefore deny the United States' Rule 12(b)(6) motion to dismiss to that extent.

## Conclusion

For the reasons stated, the United States' motions to dismiss are granted in part and denied in part. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 22d day of May, 2015.

/s/ Glen Conrad

Chief United States District Judge

12

Case 7:14-cv-00653-GEC   Document 41   Filed 05/22/15   Page 12 of 12   Pageid#: 347