

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DUSTIN P. BLANKENSHIP, | ) |
|     Plaintiff, | ) Civil Action No. 7:14CV00653 |
| v. | ) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) Hon. Glen E. Conrad |
|     Defendant. | ) Chief United States District Judge |

Plaintiff Dustin Blankenship, a veteran, filed this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et seq., as well as under state law, seeking to recover for injuries he sustained during a knee surgery performed at the Salem Veterans Affairs Medical Center ("SVAMC") in Salem, Virginia. The case is now before the court on the United States' motion to dismiss for lack of subject matter jurisdiction over the plaintiff's claims of negligence on the part of the surgical team, and various other pre-trial motions. For the following reasons, the motion to dismiss will be granted.

## Background

On February 8, 2010, Blankenship underwent "left knee anthroscopy with medial meniscus repair and anterior cruciate ligament reconstruction with bone-patella-bone autograph" at SVAMC. Compl. ¶ 7. The surgery began at 2:27 p.m. and concluded at 11:45 p.m., for a total of nine hours and eighteen minutes. The complaint alleges that the normal time for this type of surgery generally does not exceed two hours. As a result of the alleged negligence that occurred during the surgery, Blankenship suffered severe and permanent injuries. See id. ¶ 13.

On December 4, 2014, and after exhausting his administrative remedies, Blankenship filed suit against the surgeon, Dr. Roberson, and the SVAMC surgical team. Blankenship alleges that members of the SVAMC surgical team negligently failed to supervise Roberson or otherwise breached their respective duties of care. Compl. ¶ 25, 48-50. On May 22, 2015, the court dismissed Blankenship's claims as to Roberson. The court found it lacked jurisdiction under the Federal Tort Claims Act ("FTCA") because Roberson was an independent contractor. See Blankenship v. United States, 111 F. Supp. 3d 745, 753 (W.D. Va. 2015) ("[The FTCA] applies to only the negligence of United States employees acting in the scope of their employment; it does not apply to the negligence of independent contractors providing services pursuant to contracts with the United States."). The court also dismissed any claim against the SVAMC surgical team to the extent Blankenship alleges that the surgical team or hospital management failed to properly oversee Roberson during Blankenship's surgery. Id. at 750. Those supervisory actions, the court stated, are "'embraced by the overarching decision' to contract for Roberson's services in the first place." Id. (quoting Williams v. United States, 50 F.3d 299, 310 (4th Cir. 1995)).

The court, however, retained subject matter jurisdiction over the question of whether the SVAMC employees breached an independent duty to Blankenship not related to the surgical team's failure to supervise or control Roberson. Id. at 750. On January 13, 2016, the court granted in part and denied in part plaintiff's motion to compel and enlarge discovery in relation to this question and the question of whether the breach of that alleged independent duty was the proximate cause of Blankenship's injuries. The subsequent discovery produced expert opinions asserting that the surgical nurses and assisting surgeon breached their respective duties of care by not intervening appropriately. The experts opined that the surgical team failed to "alleviate the sources of known risk of injury present during the surgery." Letter from Dr. James M. Farmer,

2

M.D., to Lenden Eakin, Dustin Blankenship (March 10, 2016) [Farmer Letter]; see also Letter from Cathy T. Rosenbaum, RN, to Lenden Eakin, Dustin Blankenship (August 6, 2015) [Rosenbaum Letter]. Specifically, the experts concluded that the breaches of the standards of care occurred when the surgical team neglected to inform Roberson of the risks associated with keeping Blankenship in the leg clamp and exposed to compression from the tourniquet for a prolonged period of time. Additionally, the experts asserted that the surgical team did not attempt to interrupt Roberson to assuage these risks, nor did the surgical team alert supervisors of Roberson's deficient performance. Farmer Letter; Rosenbaum Letter; Dep. of Dr. Farmer 21-22; Dep. of RN Rosenbaum 80. The expert testimony reveals, however, that the only person with the ultimate decisionmaking power and responsibility to remove the leg clamp and the tourniquet was Roberson. Dep. of Rosenbaum 68; Dep. of Dr. Farmer 26.

The contract under which Roberson performed the surgery in question states that the government "may evaluate the quality of professional and administrative services provided but retains no control over the medical, professional aspects of services rendered." Contract between Department of Veterans Affairs and LocumTenens.Com, LLC 12, Dkt. 16-3 [Roberson Contract]. The contract also vests Roberson with the responsibility of ensuring that various medical and safety regulations are being met. Id. (requiring that Roberson perform "in accordance with established principles and ethics of the medical profession" and that Roberson would ensure that "JCAHO, Safety, AAMI, OSHA, VA and other agency regulations are being met"). In fulfilling his contractual duties, Roberson was subject to "professional or technical direction" only from the SVAMC's Contracting Officer's Technical Representative and the Chief of Service. Id.

### Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for

3

dismissal of an action for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court can "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens–Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citations omitted).

## Discussion

Blankenship's claims arise under the Federal Tort Claims Act ("FTCA"). The FTCA constitutes an express waiver of sovereign immunity and provides limited circumstances in which the United States may be held liable for the negligence of its employees. 28 U.S.C. § 1346(b)(1) (2012); see McGhee v. United States, No. 7:13-cv-00123, 2014 WL 896748, at *2 (W.D. Va. Mar. 6, 2014). When the government is performing a "discretionary function," however, the FTCA does not waive immunity. 28 U.S.C. § 2680(a). This discretionary function exception applies when "(1) the acts alleged to be negligent [are] discretionary, in that they involve 'an element of judgment or choice' and are not compelled by statute or regulation[,] and (2) the judgment or choice in question [is] grounded in 'considerations of public policy' or [is] susceptible to policy analysis." Coulthurst v. United States, 214 F.3d 106, 109 (2d Cir. 2000) (citing United States v. Gaubert, 499 U.S. 315, 322-23 (1991), and Berkovitz v. United States, 486 U.S. 531, 536-37 (1988)); see Williams v. United States, 50 F.3d 299, 309 (4th Cir. 1995).

4

If the discretionary function exception applies, governmental decisions are immune from liability, even if such decisions are negligently made. Chaffin v. United States, 176 F.3d 1208, 1211 (9th Cir. 1999). A federal policy, however, can remove an employee's actions from the scope of the discretionary function exception. See Kennewick Irr. Dist. v. United States, 880 F.2d 1018, 1026. A government employee acts without discretion when the federal policy embodies "a specific and mandatory regulation or statute which creates clear duties incumbent upon government actors." Id. (emphasis in original).

In this case, the court previously dismissed Blankenship's claims that are related to the supervision or oversight of Roberson. Blankenship, 111 F. Supp. 3d at 750 ("Blankenship's negligent supervision claim, which is premised on allegations that the SVAMC surgical team or hospital management failed to properly oversee Roberson during Blankenship's surgery, is likewise barred."). As to the instant motion, the court continues to believe that the surgical team's intervention, either by interrupting, alerting superiors, or questioning Roberson's surgical strategy, would amount to the supervision and oversight of Roberson. Id.; cf. Williams, 50 F.3d at 310 (government's negligent inspection of an independent contractor's work falls within the discretionary function exception); Brandt v. United States, 443 F. Supp. 2d 795, 798-99 (dismissing a claim of negligent supervision when DVA employees allowed an independent contractor who did not meet the contract requirements to perform an unfamiliar procedure that resulted in the death of a patient); Subrun v. United States, No. 10-1161 (JP), 2010 WL 3809856, at *4 (D.P.R. Sept. 28, 2010) (finding that the Bureau of Prisons employees had discretion to determine when to intervene in an altercation between prisoners). The SVAMC had vested the power to direct Roberson's professional services in the Contracting Officer's Technical Representative and the Chief of Service—not the surgical team. See Roberson Contract 12; see

5

also United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 819-820 (1984) ("When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind."). The court believes that the decision as to which individuals would supervise Roberson, and their decision as to the extent of supervision, are grounded in policy considerations and thus discretionary. See id.; Gibbons v. Fronton, 533 F. Supp. 2d. 499, 455-56 (S.D.N.Y. 2008) (negligent hiring and supervision claims based on medical care provided by private company at DVA facility barred by discretionary function exception because decisions to contract with and supervise a private individual were discretionary and "grounded in considerations of public policy."). Moreover, plaintiff has failed to identify a federal statute, regulation, or policy that would have placed the supervision of Roberson outside the scope of the discretionary function exception. Kennewick Irr. Dist. v. United States, 880 F.2d 1018, 1026 (9th Cir. 1989) ("[A] ... standard operates to remove discretion under the FTCA when it is embodied in a specific and mandatory regulation or statute which creates clear duties incumbent upon the governmental actors.") (emphasis in original).

Plaintiff, however, argues that the surgical team had an independent duty to Blankenship to ensure that the standards of care, as articulated by the Department of Veterans Affairs ("DVA") and general medical practice, were being met. The duty to meet these standards, Blankenship contends, is not discretionary and cannot be delegated. Therefore, plaintiff alleges, the United States' waiver of immunity is intact. The court is constrained to disagree.

Government contracts that delegate primary responsibility over services while leaving to itself an oversight role are examples of policy choices protected by the discretionary function exception. White v. United States Dept. of Interior, 656 F. Supp. 25, 33 (M.D. Pa. 1986), aff'd,

6

815 F.2d 697 (3d Cir. 1987) (citing Feyers v. United States, 749 F.2d 1222, 1227 (6th Cir. 1984)) (holding that the government's decision to delegate safety responsibility to a contractor is a discretionary function despite retention of an oversight right). "The law is clear that the government may delegate its safety responsibilities to independent contractors in the absence of federal laws or policies restricting it from doing so." Andrews v. United States, 121 F.3d 1430, 1440 (11th Cir. 1997); see also Varig Airlines, 467 U.S. at 807 (1984). Similarly, concepts of non-delegable duties do not apply to the federal government absent a federal statute, regulation, or policy. Berkman v. United States, 957 U.S. F.2d 108, 113 (4th Cir. 1992) (stating that plaintiff must demonstrate that a federal law permits the application of a non-delegable duty to the government); see also Berrien v. United States, 711 F.3d 654, 659 (6th Cir. 2013) ("[S]tate-law concepts of non-delegable duty cannot be applied in the FTCA context to undermine the contractor exception.").

Roberson's contract delegates to him the responsibility of ensuring safety regulations are being met. Roberson Contract 12 (requiring that Dr. Roberson ensure that "JCAHO, Safety, AAMI, OSHA, VA and other agency regulations are [] met."). While the contract provides that the government "may evaluate the quality of professional ... services provided," it also makes clear that the government retains "no control over the medical, professional aspects of the services rendered." Id. Thus, the court believes that Roberson, not the surgical team, was responsible for ensuring that DVA policies and general standards of care were being followed. The expert testimony supports the notion that Roberson possessed this responsibility because, when asked, the experts conceded that the surgical team would not have been able to intervene without Roberson's permission. Dep. of Rosenbaum 68; Dep. of Dr. Farmer 26. Likewise, plaintiff has not provided, nor is the court aware of, any federal statute, regulation, or policy that prohibits the

7

government from delegating the duty to meet the various medical standards of care to an independent contractor. Berkman v. United States, 957 F.2d at 112 (stating that plaintiff must show that federal law imposes a non-delegable duty on the government); Logue v. United States, 412 U.S. 521, 528-29 (1973) (considering whether federal law imposes a non-delegable duty on the Bureau of Prisons to provide prisoners with "safekeeping, care, and subsistence"). Thus, the court finds that the decision to task Roberson with ensuring that the applicable general medical and DVA standards were being met was within the government's protected discretion. See Hodge v. United States, 433 F. Supp. 2d 795, 799 (E.D. Va. 2006) (finding that the government was exercising discretion when it delegated to an independent contractor an inmate's medical care).

Even if the surgical team's duties to Blankenship could not be delegated, the court finds that the decision not to intervene was still discretionary. "The inquiry boils down to whether the government conduct is the subject of any mandatory federal statute, regulation, or policy prescribing a specific course of action." Baum v. United States, 986 F.2d 716, 720 (4th Cir. 1993). Plaintiff has not presented any regulation that requires surgical nurses, assisting surgeons, or hospital management to inform an independent contractor, who has been delegated the responsibility of ensuring the safety of the procedure, of the risks involved. See Maryland Cas. Co. v. United States, No. 05-02558 JW, 2006 WL 563046 (N.D. Cal. March 6, 2006) (rejecting plaintiff's contention that the Coast Guard safety regulations required its officers to inform all contract employees of certain known risks). Nor has plaintiff demonstrated that a federal statute or policy demanded that the surgical team or hospital management interrupt Roberson when he ignored the known risks. Id. Therefore, the court believes that the decision not to interrupt Roberson was squarely within the government's discretion. See Varig Airlines, 467 U.S. at 819-820 ("When an agency determines the extent to which it will supervise the safety procedures

8

of private individuals, it is exercising discretionary regulatory authority of the most basic kind."); see also Blankenship, 111 F. Supp. 3d at 750 ("Blankenship's negligent supervision claim, which is premised on allegations that the SVAMC surgical team or hospital management failed to properly oversee Roberson during Blankenship's surgery, is likewise barred [by the discretionary function exception]."). Because the court finds that plaintiff has not demonstrated that the surgical team breached a non-delegable independent duty to Blankenship separate from the supervision or oversight of Roberson, the instant action is outside the scope of the FTCA's waiver of sovereign immunity. The court will thus grant the United States' motion to dismiss.

## Conclusion

For the reasons stated, defendant's motion to dismiss for lack of subject matter jurisdiction will be granted. The Clerk is directed to strike this case from the active docket of the court. The Clerk is further directed to send certified copies of this memorandum opinion to all counsel of record.

DATED: This 26th day of September, 2016.

*/s/ Glen Conrad*
Chief United States District Judge